**IN THE COURT OF APPEALS OF IOWA**

No. 21-1106
Filed November 23, 2021

**IN THE INTEREST OF A.S. and M.S.,**
**Minor Children,**

**T.S., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Paul G. Crawford,

District Associate Judge.

A father appeals the termination of his parental rights to his children.

**AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

Mary Cowdrey of Public Defender's Office, Marshalltown, attorney and

guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A father appeals the termination of his parental rights to his children, born in 2018 and 2019.[1]  He does not challenge the ground for termination cited by the district court.  *See* Iowa Code section 232.116(h) (2021) (requiring proof of several elements including proof the children could not be returned to parental custody). He focuses on "the children's bond with [him] developed through contacts while he has been incarcerated and his substantial progress toward release from prison." The father's argument implicates a permissive exception to termination based on the closeness of the parent-child relationship.  *See id.* § 232.116(3)(c); *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018).

The father was imprisoned before the younger child was born and when the older child was just eighteen months old.  He acknowledges he "was incarcerated when this case began and is still incarcerated."  Commendably, he called the children from prison "every day."  He also had "a video visit[] with" them.  The father developed a bond with the children through these contacts and the bond was reciprocated by the older child, who addressed him as "Daddy" and seemed excited to participate in the calls.  Understandably, there is scant evidence that the younger child recognized or interacted with the father in the same way.  *See In re A.B.*, 957 N.W.2d 280, 301 (Iowa 2021) (noting that child was "quite young" and "had less time to form a bond").  That said, there is no question the father made concerted efforts to develop a relationship with both children.

---

[1] The mother's parental rights were also terminated, but she did not file a notice of appeal.

Notwithstanding the evidence of attachment, the father conceded he would be unable to care for the children in prison, on release to a halfway house, or immediately upon release from the halfway house. The department of human services case manager testified those milestones would not be reached until the spring of 2022 in a best case scenario. She opined that the father's parental rights "need[ed] to be terminated because he [was] not available to" the children. On our de novo review, we agree.

We affirm the district court's denial of the permissive exception to termination set forth in section 232.116(3)(c) and the termination of the father's parental rights to the children.

**AFFIRMED.**